Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
Susan Seletsky
Counsel for FLSA Litigation
Charles Song (CSBN 204497)
Trial Attorney
Song.Charles.c@dol.gov
Office of the Solicitor
U.S. Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-5365
    Facsimile: (213) 894-2064

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **MOA MOA, INC.**, a California corporation; **DRIFTER INDUSTRIES, INC.**, a California corporation; and **NEWPORT APPAREL CORPORATION**, a California corporation, <br><br> Defendants. | Case No: CV <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF AND RESTITUTION** <br> [29 U.S.C. 201 et seq.] |

    1)    The Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin Defendants Moa Moa, Inc., Drifter Industries, Inc., and Newport Apparel Corporation ("Defendants") from violating the provisions of Section 15(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 215(a)(1), and from failing to disgorge ill-gotten

gains in an amount equal to the back wages due to employees of one of their garment sewing contractors as a result of violations of the FLSA.

2) This Court has subject matter jurisdiction under Section 17 of the FLSA, 29 U.S.C. § 217; this Court also has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1345 (United States as plaintiff).

3) Defendants are and at all times material have been California corporations, with an office and place of business at 1215 W. Walnut Street, Compton CA 90220, within the jurisdiction of this Court.

4) Defendants are and at all times material have been manufacturers of men's and women's apparel which they sell to clothing retailers. Defendants contract with the retailer to supply a specified number of garments, in a specified fabric and design, by a specified date and for a specified amount. Defendants do not actually sew or fabricate the garment themselves – in the instant matter, Defendants subcontracted out the work of sewing, assembling and trimming the garments to domestic factories located in southern California ("garment contractors.").

5) Under the FLSA's "Hot Goods" provision, 29 U.S.C. § 215(a)(1), all persons are prohibited from introducing into commerce goods that have been worked on by employees who were not paid the wages required under the FLSA.

6) During the period since at least August 2, 2012, Defendants violated the provisions of FLSA §15(a)(1), 29 U.S.C. §215(a)(1) (the "hot goods" provision), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery in commerce was intended, goods in the production of which employees of thirteen of their domestic garment sewing contractors were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as follows:

A. During the period of April 17, 2013 to July 16, 2013, garment sewing contractor VINH LOI, Inc., located at 2438 Rosemead Blvd., South El Monte, CA 91733, employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended. Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA;

    i. During the period of April 17, 2013 to July 16, 2013, VINH LOI, Inc. violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C.§§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendants at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

    ii. During the period of April 17, 2013 to July 16, 2013, Defendants violated the provisions of FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of VINH LOI, Inc. were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above;

    iii. Contractor VINH LOI, Inc. paid back wages in the amount of $25,056.00.

B. During the period of August 2, 2012 to October 31, 2012, garment sewing contractor MUCHO APPAREL located at 12915 South Sprint Street, Los Angeles, CA 90061, employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended. Its employees, by reason of their

employment, were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA;

   i. During the period of August 2, 2012 to October 31, 2012, MUCHO APPAREL violated the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by paying its employees who worked on garments produced for Defendants at wage rates less than the applicable federal minimum wage of $ 7.25 per hour;

   ii. During the period of August 2, 2012 to October 31, 2012, MUCHO APPAREL violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendants at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

   iii. During the period of August 2, 2012 to October 31, 2012, Defendants violated the provisions of FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of MUCHO APPAREL were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above;

   iv. Contractor MUCHO APPAREL paid back wages in the amount of $2,000.

  C. During the period of March 16, 2013 to June 14, 2013, garment sewing contractor PT Production located at 13862 A Better Way, Unit 8c, Westminster CA 92683, employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended. Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce

within the meaning of the FLSA;

    i.   During the period of March 16, 2013 to June 14, 2013, garment sewing contractor PT Production violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C.§§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendants at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

    ii.   During the period of March 16, 2013 to June 14, 2013, Defendants violated the provisions of FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of June 15, 2010 to June 14, 2013, garment sewing contractor PT Production were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above;

D.    During the period of December 12, 2012 to March 11, 2013, garment sewing contractor NIS MODE, Inc., located at 730 East 62nd Street, Los Angeles, CA 90021 employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended. Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA;

    i.   During the period of December 12, 2012 to March 11, 2013, garment sewing contractor NIS MODE, Inc. violated the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by paying its employees who worked on garments produced for Defendants at wage rates less than the applicable federal minimum wage of
$ 7.25 per hour;

    ii. During the period of December 12, 2012 to March 11, 2013, garment sewing contractor NIS MODE, Inc. violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendants at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

    iii. During the period of December 12, 2012 to March 11, 2013, Defendants violated the provisions of FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of NIS MODE, Inc. were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above;

    iv. Defendants agreed to pay approximately $3,000, as part of a larger investigation involving multiple manufacturers, and for which Defendants denied liability.

  E. During the period of April 1, 2015 to June 20, 2015, fabric cutting contractor MEE TRIM, Inc., located at 615 South Anderson Street, Los Angeles, CA 90023, employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended. Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA;

    i. During the period of April 1, 2015 to June 20, 2015, fabric cutting contractor MEE TRIM, Inc., violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendants at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

  ii. During the period of April 1, 2015 to June 20, 2015, Defendants violated the provisions of FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of MEE TRIM, Inc. were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above;

  iii. Contractor MEE TRIM, Inc. paid back wages in the amount of $3,231.00.

 F. During the period of April 21, 2014 to April 27, 2016, garment contractor AMI FASHION located at 1753 East Olympic Blvd., Suite 403, Los Angeles, CA 90021, employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended. Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA;

  i. During the period of April 21, 2014 to April 27, 2016, garment contractor AMI FASHION, Inc. violated the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by paying its employees who worked on garments produced for Defendants at wage rates less than the applicable federal minimum wage of
$ 7.25 per hour;

  ii. During the period of April 21, 2014 to April 27, 2016, garment contractor AMI FASHION, Inc. violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendants at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

        iii. During the period of April 21, 2014 to April 27, 2016, Defendants violated the provisions of FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of AMI FASHION, Inc. were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above;

        iv. Defendants had not conducted monitoring of AMI FASHION, Inc. to determine if it was in compliance with the FLSA wage and recordkeeping requirements prior to providing it work, nor had it conducted monitoring of AMI FASHION, Inc. at any time prior to the Department of Labor's investigation.

    G. On May 17, 2012, in order to promote compliance with the FLSA among their garment contractors, Defendants executed a Plan of Compliance with the approval of the Department of Labor in which they agreed to conduct regular and quarterly monitoring of all of their garment contractors to determine if the contractors were in compliance with the terms of the FLSA. The monitoring and compliance plan included the following components:

    i. Random and unannounced site visits to each contractor on at least a quarterly basis;

    ii. Review of the contractor's time, piece and payroll records;

    iii. Private and confidential interviews of at least 20% of the contractor's current employees to determine the hours they work and the wages they are paid;

    iv. Disclosure to the contractor of any FLSA compliance issues revealed by the monitoring and corrective action recommended to the contractor;

    v. Maintenance of the written records of each visit which shall be reviewed by the manufacturer and produced to the Department of Labor upon its request.

    H. Approximately one year later, on May 20, 2013, in order to promote compliance with the FLSA among their garment contractors, Defendants executed another Plan

of Compliance with the approval of the Department of Labor in which they agreed to conduct regular and quarterly monitoring of all of their garment contractors to determine if the contractors were in compliance with the terms of the FLSA. The monitoring and compliance plan included the following components:

    i. Random and unannounced site visits to each contractor on at least a quarterly basis;

    ii. Review of the contractor's time, piece and payroll records;

    iii. Private and confidential interviews of at least 20% of the contractor's current employees to determine the hours they work and the wages they are paid;

    iv. Disclosure to the contractor of any FLSA compliance issues revealed by the monitoring and corrective action recommended to the contractor;

    v. Maintenance of the written records of each visit which shall be reviewed by the manufacturer and produced to the Department of Labor upon its request.

    I.    On August 20, 2013, in order to promote compliance with the FLSA among their garment contractors, Defendants executed a Plan of Compliance addendum with the approval of the Department of Labor in which they agreed to implement the compliance measures required under the Plan of Compliance executed on May 20, 2013, which Defendants had failed to implement. Defendants agreed to the following addendum to the Plan of Compliance executed on May 20, 2013:

    1.    Moa Moa shall provide the Secretary's representative a listing of all domestic contractors used within the period September 1, 2013 to December 1, 2013, no later than December 10, 2013.

    2.    Moa Moa shall provide the Secretary's representative all records and information on the quantity of work and amounts paid to all domestic contractors used within the period September 1, 2013 to December 1, 2013, no later than December 10, 2013.

    7)    As a result of the violations of the "hot goods" provision of the FLSA, De-

fendants have received ill-gotten gains, benefitting the Defendants unfairly, and subjecting others to unfair competition in commerce, in violation of the FLSA.

8) A judgment permanently enjoining and restraining such violations of Section 15(a)(1) of the FLSA, 29 U.S.C. FLSA, § 215(a)(1), including the restraint of the continued withholding of amounts sufficient to cover the unpaid wages due under the FLSA, is specifically authorized by FLSA § 17, 29 U.S.C. § 217.

WHEREFORE, cause having been shown, Plaintiff prays for a judgment:

A. Pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants Moa Moa, Inc., Drifter Industries, Inc., and Newport Apparel, Inc., their officers, agents, servants and employees, and all persons in active concert or participation with them, from violating the provisions of Section 15(a)(1) of the FLSA, 29 U.S.C. § 215(a)(1), including disgorgement of amounts sufficient to afford restitution to employees of the sewing contractor named herein who worked on goods identified in this action and were not paid for their work as required by the FLSA's minimum wage and/or overtime provisions, 29 U.S.C. Sections §§ 206 and/or 207.

Dated: June 22, 2016

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Chief Counsel for FLSA Litigation
Attorneys for the Plaintiff

/s/ *Charles Song*
CHARLES SONG
Attorneys for the Plaintiff,
Secretary of Labor