Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
Susan Seletsky                                    JS-6
Counsel for FLSA Litigation
Charles Song (CSBN 204497)
Trial Attorney
Song.Charles.c@dol.gov
Office of the Solicitor
U.S. Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071-1202
        Telephone: (213) 894-5365
        Facsimile:  (213) 894-2064

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ**,<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>                  Plaintiff,<br><br>              v.<br><br>**MOA MOA, INC**., a California corporation;<br>**DRIFTER INDUSTRIES, INC**., a California<br>corporation; and **NEWPORT APPAREL<br>CORPORATION**, a California corporation,<br><br>                  Defendants. | ) Case No: 2:16-cv-04525-ODW-AGR<br>)<br>)<br>)<br>) **Consent Judgment**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

        Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor
("Secretary"), and Defendants Moa Moa, Inc., Drifter Industries, Inc., and Newport Apparel Corporation ("Defendants"),  have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

        A.      The Secretary filed a Complaint alleging that the Defendants violated provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) (the "hot goods" provision) of the

Fair Labor Standards Act of 1938, as amended ("FLSA") .

B.    Defendants appeared by counsel, acknowledged receipt of a copy of the Secretary's Complaint and waived answer and any defenses to the Secretary's Complaint.

C.    The Secretary and Defendants waived Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment.

D.    Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

## FACTUAL BACKGROUND

E.    Defendants are garment manufacturers who sell men's and women's apparel to clothing retailers.  Defendants contract with the retailer to supply a specified number of garments, in a specified fabric and design, by a specified date and for a specified amount.  Defendants do not actually sew or fabricate the garment themselves – instead, they subcontract out the work to foreign or domestic factories.  The domestic garment factories, i.e., "garment contractors," are located primarily in southern California.  In the cases set forth below, Defendants contracted with a domestic garment sewing contractor to sew and finish the garment.  Defendants supplied the contractor with fabric that was pre-cut for the number of pieces in the order, design specifications and a completion date.  The finished garments were shipped to Defendants or Defendants' retail customers, for sale in commerce.

F.    Under the FLSA's "Hot Goods" provision, 29 U.S.C. § 215(a)(1), all persons are prohibited from introducing into commerce goods that have been worked on by employees who were not paid the wages required under the FLSA.

G.    The Secretary has concluded that at times since at least August 2, 2012, Defendants violated the Hot Goods provision when it shipped goods that had been worked on by employees of their garment contractors who had not been paid the minimum wage and overtime required by the FLSA as set forth below:

1.    During the period of April 17, 2013 to July 16, 2013, garment sewing con-

tractor VINH LOI, Inc., located at 2438 Rosemead Blvd., South El Monte, CA 91733, employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended. Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA:

    i.   During the period of April 17, 2013 to July 16, 2013, VINH LOI, Inc. violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C.§§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendants at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

    ii.  During the period of April 17, 2013 to July 16, 2013, Defendants violated the provisions of FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of VINH LOI, Inc. were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above;

    iii.  Contractor VINH LOI, Inc. paid back wages in the amount of $25,056.00.

2.  During the period of August 2, 2012 to October 31, 2012, garment sewing contractor MUCHO APPAREL located at 12915 South Sprint Street, Los Angeles, CA 90061, employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended. Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce

within the meaning of the FLSA:

      i.  During the period of August 2, 2012 to October 31, 2012, MUCHO APPAREL violated the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by paying its employees who worked on garments produced for Defendants at wage rates less than the applicable federal minimum wage of $ 7.25 per hour;

      ii. During the period of August 2, 2012 to October 31, 2012, MUCHO APPAREL violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendants at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

      iii.  During the period of August 2, 2012 to October 31, 2012, Defendants violated the provisions of FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of MUCHO APPAREL were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above;

      iv.  Contractor MUCHO APPAREL paid back wages in the amount of $2,000.

3.     During the period of March 16, 2013 to June 14, 2013, garment sewing contractor PT Production located at 13862 A Better Way, Unit 8c, Westminster CA 92683, employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended. Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA:

i.   During the period of March 16, 2013 to June 14, 2013, garment sewing contractor PT Production violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C.§§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendants at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

ii.  During the period of March 16, 2013 to June 14, 2013, Defendants violated the provisions of FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of June 15, 2010 to June 14, 2013, garment sewing contractor PT Production were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above;

4.   During the period of December 12, 2012 to March 11, 2013, garment sewing contractor NIS MODE, Inc., located at 730 East 62nd Street, Los Angeles, CA 90021 employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended. Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA:

i.   During the period of December 12, 2012 to March 11, 2013, garment sewing contractor NIS MODE, Inc. violated the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by paying its employees who worked on garments produced for Defendants at wage rates less than the applicable federal minimum wage of $ 7.25 per hour;

ii.  During the period of December 12, 2012 to March 11, 2013, garment

sewing contractor NIS MODE, Inc. violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendants at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

iii.  During the period of December 12, 2012 to March 11, 2013, Defendants violated the provisions of FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1), by transporting, offering for transportation, shipping, delivering or selling in commerce, or shipping, delivering or selling with knowledge that shipment or delivery or sale in commerce was intended, goods in the production of which employees of NIS MODE, Inc. were not paid the minimum wage and/or overtime required by FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above;

iv.  Defendants agreed to pay approximately $3,000, as part of a larger investigation involving multiple manufacturers, and for which Defendants denied liability.

5.  During the period of April 1, 2015 to June 20, 2015, fabric cutting contractor MEE TRIM, Inc., located at 615 South Anderson Street, Los Angeles, CA 90023, employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended. Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA:

i.  During the period of April 1, 2015 to June 20, 2015, fabric cutting contractor MEE TRIM, Inc., violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendants at time and one half the employee's regular rate for all hours worked in excess of 40 hours in a work week;

ii.  During the period of April 1, 2015 to June 20, 2015, Defendants violated

1   the provisions of FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1), by transporting, offer-

2   ing for transportation, shipping, delivering or selling in commerce, or shipping,

3   delivering or selling with knowledge that shipment or delivery or sale in com-

4   merce was intended, goods in the production of which employees of MEE TRIM,

5   Inc. were not paid the minimum wage and/or overtime required by FLSA Sections

6   6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above;

7        iii.   Contractor MEE TRIM, Inc. paid back wages in the amount of

8   $3,231.00.

9        7.   On May 17, 2012, in order to promote compliance with the FLSA among their

10  garment contractors, Defendants executed a Plan of Compliance with the approval of the

11  Department of Labor in which it agreed to conduct regular and quarterly monitoring of

12  all of their garment contractors to determine if the contractors were in compliance with

13  the terms of the FLSA.  The monitoring and compliance plan included the following

14  components:

15       i. Random and unannounced site visits to each contractor on at least a quarterly

16  basis;

17       ii. Review of the contractor's time, piece and payroll records;

18       iii. Private and confidential interviews of at least 20% of the contractor's current

19  employees to determine the hours they work and the wages they are paid;

20       iv. Disclosure to the contractor of any FLSA compliance issues revealed by the

21  monitoring and corrective action recommended to the contractor;

22       v. Maintenance of the written records of each visit which shall be reviewed by the

23  manufacturer and produced to the Department of Labor upon its request.

24       8.   Approximately one year later, on May 20, 2013, in order to promote compli-

25  ance with the FLSA among their garment contractors, Defendants executed another Plan

26  of Compliance with the approval of the Department of Labor in which it agreed to con-

27  duct regular and quarterly monitoring of all of their garment contractors to determine if

28  the contractors were in compliance with the terms of the FLSA.  The monitoring and

**Consent Judgment**                                                                                      **Page 7 of 18**

compliance plan included the following components:

    i. Random and unannounced site visits to each contractor on at least a quarterly basis;

    ii. Review of the contractor's time, piece and payroll records;

    iii. Private and confidential interviews of at least 20% of the contractor's current employees to determine the hours they work and the wages they are paid;

    iv. Disclosure to the contractor of any FLSA compliance issues revealed by the monitoring and corrective action recommended to the contractor;

    v. Maintenance of the written records of each visit which shall be reviewed by the manufacturer and produced to the Department of Labor upon its request.

    9.    On August 20, 2013, in order to promote compliance with the FLSA among their garment contractors, Defendants executed a Plan of Compliance addendum with the approval of the Department of Labor in which it agreed to implement the compliance measures required under the Plan of Compliance executed on May 20, 2013, which Defendants had failed to implement.  Defendants agreed to the following addendum to the Plan of Compliance executed on May 20, 2013:

    1.    Moa Moa shall provide the Secretary's representative a listing of all domestic contractors used within the period September 1, 2013 to December 1, 2013, no later than December 10, 2013.

    2.    Moa Moa shall provide the Secretary's representative all records and information on the quantity of work and amounts paid to all domestic contractors used within the period September 1, 2013 to December 1, 2013, no later than December 10, 2013.

    10.  Defendants allegedly hired David Lee of One Wilshire Consulting Group to perform the work required by the Compliance Plan.  Defendants provided the Secretary copies of canceled checks paid to David Lee of One Wilshire Consulting Group.  According to Defendants, David Lee allegedly monitored Defendants' contractors from May, 2013 to May, 2015.

**Consent Judgment**                         **Page 8 of 18**

11.  The Secretary requested copies of all monitoring agreements and reports Defendants and David Lee.  Defendants and David Lee both stated they no longer have copies of the monitoring reports and failed to provide any documentation to evidence their contractors were monitored.

12.  Defendants allege it stopped monitoring in May, 2015, because David Lee's monitoring reports showed the contractors were in compliance with the FLSA.  Defendants admit it they have not monitored their contractors since May, 2015, and that Defendants are currently not monitoring their contractors and are in violation of the Plans of Compliance it agreed to comply with.

13.  An investigation conducted by investigators for the Wage and Hour Division of the U.S. Department of Labor, determined that during the period of April 21, 2014 to April 27, 2016, garment contractor AMI FASHION located at 1753 East Olympic Blvd., Suite 403, Los Angeles, CA 90021, employed employees in and about its place of business in producing, handling, or working on goods a substantial portion of which was shipped, delivered or sold to places outside the State of California with knowledge or reason to believe that shipment, delivery or sale to places outside of California was intended. Its employees, by reason of their employment, were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA;

     i.  During the period of April 21, 2014 to April 27, 2016, garment contractor AMI FASHION, Inc. violated the provisions of FLSA §§ 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by paying its employees who worked on garments produced for Defendants at wage rates less than the applicable federal minimum wage of

$ 7.25 per hour;

     ii.  During the period of April 21, 2014 to April 27, 2016, garment contractor AMI FASHION, Inc. violated the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C.  §§ 207 and 215(a)(2), by failing to pay its employees who worked on garments produced for Defendants at time and one half the employee's regular

1   rate for all hours worked in excess of 40 hours in a work week;

2       iii.  During the period of April 21, 2014 to April 27, 2016, Defendants vio-

3   lated the provisions of FLSA § 15(a)(1), 29 U.S.C. § 215(a) (1), by transporting,

4   offering for transportation, shipping, delivering or selling in commerce, or ship-

5   ping, delivering or selling with knowledge that shipment or delivery or sale in

6   commerce was intended, goods in the production of which employees of AMI

7   FASHION, Inc. were not paid the minimum wage and/or overtime required by

8   FLSA Sections 6 and/or 7, 29 U.S.C. §§ 206 and/or 207 as described above;

9       iv.  Defendants had not conducted monitoring of AMI FASHION, Inc. to

10  determine if it was in compliance with the FLSA wage and recordkeeping re-

11  quirements prior to providing it work, nor had it conducted monitoring of AMI

12  FASHION, Inc. at any time prior to the Department of Labor's investigation.

13

14  It is therefore, upon motion of the attorneys for the Secretary, and for cause

15  shown,

16  ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers,

17  agents, servants, and employees and those persons in active concert or participation with

18  them who receive actual notice of this order (by personal service or otherwise) be, and

19  they hereby are, permanently enjoined and restrained from violating the provisions of

20  FLSA Section 15(a)(1), 29 U.S.C. § 215(a)(1) in any of the following manners:

21  1.  Defendants shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1),

22  transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or

23  sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is

24  intended) goods in the production of which any employee (of the Defendants or other(s))

25  has been employed in violation of the FLSA's minimum wage provisions (29 U.S.C.

26  § 206) or overtime pay provisions (29 U.S.C. § 207).

27  2.  Defendants shall not fail to disgorge from the gross proceeds of their having

28  sold or shipped in commerce goods that had been worked on by employees of AMI

FASHION, Inc. who were not paid the minimum wage and overtime required by the FLSA, 29 U.S.C. §§ 206 and/or 207, an amount sufficient to cover the back wages due to the employees of their garment contractors due under the FLSA.  The amount hereby found due to these employees is **$19,844.25** which Defendants have deposited with the Secretary of Labor for distribution to the employees.

Upon entry of this Judgment, the Secretary shall distribute it to the employees of AMI Fashion.  Any funds which are not so paid within three years because of inability to locate the proper persons or their refusal to accept it shall be deposited into the U.S. Treasury as miscellaneous receipts, pursuant to 29 U.S.C. § 216(C);

3.    Within 90 days of the entry of this Judgment, Defendants shall hire an independent third party monitor, acceptable to the Secretary, to monitor all of their domestic garment contractors (hereafter "contractor(s)") to enforce the contractors' compliance with the FLSA.   Defendants shall maintain monitoring of all of their garment sewing contractors for a period of five years from the date of entry of this Judgment.  Defendants shall not enter into any work with any garment contractor until that contractor has been monitored and found to be substantially in compliance with the FLSA.  The monitor shall not be considered independent if it represents either the manufacturer or contractor involved in this action in any dealings with other parties or the Department of Labor.

The monitoring program shall include the following components:

A.   Random and unannounced site visits to each contractor, at least on a quarterly basis and prior to working with the contractor for the first time;

B.   Review of the contractor's timecards and payroll records;

C.   Private and confidential interviews of at least 20% of each contractor's current employees to determine the hours they work and the wages they are paid. The names of the employees who are interviewed shall not be disclosed to the contractor.  At least one half of the interviews shall be done off work premises;

D.  Disclosure to the contractor and Defendants of any FLSA compliance

**Consent Judgment**                                                          **Page 11 of 18**

issues revealed by the monitoring without revealing the names of employees who provided the information;

E.  Review of the contractor's garment registration to determine if the contractor is operating under a valid garment registration;

F.  The monitor shall obtain full and complete copies of each contractor's time and payroll records on at least a monthly basis or as often as necessary to obtain complete records and supply copies of these records to the Defendants with the quarterly report as referenced below.  The monitor shall also provide copies of these records to representatives of the Secretary upon their request;

G.  No adverse action may be taken against any employee who cooperates with the monitor or who provides information about violations of the FLSA.

The monitor shall produce written reports of its findings which must address each of the subjects required under this paragraph and produce them to Defendants on a quarterly basis.  Defendants shall maintain these reports for a period of three years and supply copies to representatives of the Secretary of Labor upon their request.

5.    Defendants shall produce copies of these monitoring reports to all of their domestic retailers within ten calendar days of their receipt.  Defendants shall also maintain a record of their submission of these monitoring reports to their retailers, and produce this record to representatives of the Secretary of Labor upon their request.

6.    Where the monitor identifies FLSA wage violations at a contractor's establishment, Defendants shall ensure that the violations are corrected and the employees receive their proper pay in the next regularly scheduled payroll.  Defendants have thirty business days after learning of the violation to correct any other FLSA violations, i.e. recordkeeping violations, discovered at a contractor's establishment.  Defendants shall notify the Department of Labor when such violations are found and the corrective measures taken.  Defendants shall send a letter to the District Director, Wage and Hour Division, 915 Wilshire Boulevard, Suite 960, LA, CA   90017, or by email to bui.kimchi@dol.gov identifying the violations, the backwages that were paid and with

copies of the documentation showing the payments made to employees at the time payment was made.  This letter should be sent as soon as possible after the violation has been corrected, but in no event shall it be sent later than 10 business days after making the correction.

7.     Defendants shall not enter into any agreement with any contractor or provide any work to that contractor until that contractor has been monitored and Defendants have grounds for believing that the contractor is and will continue to pay its employees in compliance with the FLSA.  Defendants must document their basis for their belief of the contractor's future compliance prior to providing any work to the contractor.  Further, Defendants shall not contract with or provide work to any contractor who was not monitored in at least the prior quarter.

8.     To ensure that their garment contractors pay employees the wage rates required by the FLSA, Defendants shall establish a code of conduct for their garment contractors requiring FLSA compliance.  Defendants shall produce a copy of their proposed code of conduct to the Wage and Hour Division within sixty days of execution of this Consent Judgment.  Upon its approval by the DOL, Defendants shall distribute to all of their current contractors, provide to all new contractors, post copies in their own facility, post copies on all social media sites, including their web sites and facebook pages.  This code of conduct shall be maintained in English, Spanish and Korean.

A.  The Code of Conduct shall set forth at least the following:

1.  All contractors must comply with the Fair Labor Standards Act and state wage provisions.  This means that all contractors must pay their employees at least the required minimum wage rate and an overtime rate of time and one half the employee's regular rate for all hours worked over 40 in a workweek.

2.  All contractors must provide a safe work environment, in compliance with applicable health and safety codes.

3.  All contractors must maintain a time keeping system that accurately records the hours worked by their employees.

**Consent Judgment**                                                    **Page 13 of 18**

4.  Employees must clock in their start time and end time each day.  Employees must record their own hours.  The contractor is strictly forbidden from clocking in for employees.

5.  Employees may be paid on a piece rate basis, but if they are paid in this manner, the contractor must review the employee's wages weekly to ensure that the employee is being paid the minimum wage required by the FLSA for the employee's hours worked.  If the piece rate earnings do not equal the minimum wage for 40 hours, the contractor must make up the difference.

6.  All employees who work in excess of 40 hours per week are entitled to be paid an overtime rate of time and one half their regular rate for the hours over 40.  To pay overtime, the contractor must add up the employee's weekly earnings and divide that number by the number of hours worked to get the employee's regular rate.  The contractor must pay the employee one half of the employee's regular rate for the hours over 40, in addition to the piece rate earnings.    The attached Exhibit A contains examples of minimum wage and overtime calculations;

7.  The contractor must maintain a record of the employee hours worked and the amounts paid.  The contractor must provide copies of these records to the Defendants, through their monitor or directly to Defendants, on at least a monthly basis.

8.  The contractor must inform Defendants immediately whenever the contractor is unable to meet any requirement of the FLSA;

9.  Defendants shall supply copies of the documentation required by this paragraph to representatives of the Secretary of Labor upon their request;

10.   Defendants shall notify their garment contractors that it shall not conduct business with any contractor who is unwilling or unable to comply with the FLSA, the code of conduct and the terms of this Judgment, or who takes any adverse action or retaliates against any employee for cooperating with the monitor or reporting violations of the FLSA;

11.   Defendants shall require all garment contractors with whom it does busi-

**Consent Judgment**                                                    **Page 14 of 18**

ness to maintain true and accurate time and payroll records and produce copies of them to the Defendants' monitor on a regular basis as follows:

A.  The contractors must maintain true and accurate time and payroll records that include all of the employees who perform work for it, regardless of whether they are paid in cash or by check;

B. All garment contractors who pay their employees on a piece rate basis must maintain the piece tickets on which the employees' pay is based for a period of two years;

C.  All garment contractors must maintain at least two years worth of all time and payroll records, including supporting documentation, on the premises of the contractors' establishments.  Supporting documentation includes, for employees paid on a piece rate basis, the piece tickets on which the employee pay is based, and cash pay records for employees paid in cash;

D.  Defendants shall obtain written confirmation from all of their garment contractors that they are maintaining the time and payroll records required by this paragraph at their establishment and shall produce these records to representatives of the Department of Labor upon their request;

E.  Defendants shall require all garment contractors with whom it does business to submit a copy of these records to the monitor no later than one month after the period worked as reflected on the records; i.e., the contractor must submit the records for workweek ending 9/01/16 no later than 10/01/16.

12.    Defendants must produce a list of their garment contractors on a quarterly basis to the DOL.

13.    For all orders that require domestic production, Defendants must notify their retailer for whom the order is intended, that the garments will be made domestically and that Defendants will be required to pay their domestic contractor a higher rate than if the goods were to be produced outside of the United States.

a.  For all domestic production, Defendants shall conduct time studies and pricing

**Consent Judgment**                                                           **Page 15 of 18**

analyses to determine if the rates paid to the contractor are sufficient for FLSA compli-
ance.  Defendants shall provide a copy of the time study and pricing report to the domes-
tic retailer for whom the goods are intended for each and every purchase order that is
worked with domestic contractors.  If the unit price is not high enough, Defendants must
document process of renegotiation with the retailer and document the retailer's response
to the report.

b.  When domestic retailers fail to pay a sufficient price for the goods to meet
minimum wage and overtime requirements, Defendants will notify the DOL.

c.  Prior to beginning work with a garment contractor, Defendants will notify
DOL the contractor's name and the anticipated dates of production as well as the dead-
lines for delivery to the retailer.

14.   Defendants' quality control representative shall keep a record of every visit
made to the domestic contractors.  The QC representative must ask for and make a copy
of the time cards and compare the number of workers in the shop to the time cards at
least once each visit.

15.  To assess the contractor's compliance with the FLSA, Defendants shall re-
view the contractor's time and payroll records at reasonable intervals in light of the pro-
duction requirements of the goods that the contractor is producing for Defendants.  De-
fendants shall conduct this analysis as frequently as necessary to ensure the contractor's
compliance with the FLSA, shall document this analysis when it is done, maintain rec-
ords of this analysis for two years and provide copies of it to representatives of the Sec-
retary of Labor upon their request.  Further, Defendants shall maintain copies of the con-
tractor's time and payroll records for a period of three years.  These records may be
maintained in the monitor's office, but the Defendants are required to assure themselves
that the monitor is maintaining the records as required by this Judgment.  Defendants
shall produce these records to representatives of the Secretary of Labor upon their re-
quest;

15.   Defendants shall require all contractors with whom it does business, who

**Consent Judgment**                                                                 **Page 16 of 18**

are subject to the garment registration requirements of the State of California, to maintain a valid garment registration.  Defendants shall not do business with any garment contractor without a valid registration;

16.   Defendants shall maintain for a period of three years copies of all production records related to their sewing contractors and supply copies of these records to representatives of the Secretary of Labor upon their request;

17.   Defendants shall maintain records of all shipments made to retailers for at least three years from the date the shipment was made and supply copies of these records to representatives of the Secretary of Labor upon their request;

18.   Defendants shall supply all of their contractors with copies of the attached Exhibit A regarding overtime calculations and Exhibit B which summarizes terms of this Judgment and the employees' rights under the FLSA.  The English, Spanish and Korean versions are attached.  Defendants shall ensure that their contractors distribute a copy of Exhibits A and B to each of their current employees within 30 days of entry of this Judgment, in the employees' native languages, provide copies to all new hires, and post a copy at each of their contractor's establishments;

19.   Defendants shall advise the Wage and Hour Division of any change in their names;

and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended, to the date of entry of the original Judgment herein; and, it is further

ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: _____June 28_____, 2016

Honorable Otis D. Wright, II
U.S. DISTRICT COURT JUDGE

**Consent Judgment**                                                                      **Page 17 of 18**

For Defendants Moa Moa, Inc., Drifter Industries, Inc., and Newport Apparel Corporation:

The Defendants hereby appear, waive any
defense herein, consent to the entry of
this Judgment, and waive notice by the
Clerk of Court:


_____          6-15-16
ROBERT CHONG                              Date
Attorneys for Defendants
Law Offices of Doo & Chong
2596 Mission Street, Ste. 302
San Marino, CA 91108
T: (626) 403-3332
F: (626) 403-7733


For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

SUSAN SELETSKY
Counsel for FLSA Litigation


_____          6-20-16
CHARLES SONG                              Date
Attorneys for the Plaintiff,
Secretary of Labor, U.S. Department of Labor

**Consent Judgment**                                    **Page 18 of 18**

Exhibit A

Computing minimum wage and overtime on piecework:

**Example 1:**

Employee A produced $200 in piecework and worked 40 hours

$200 / 40 hours = $5.00 per hour

Difference = $8.00 (Calif. Minimum Wage) - $5.00 = $3.00 per hour (underpaid)

***$3.00 per hour x 40 hours = $120.00 minimum wage due***

---

**Example 2:**

Employee B produced $425.00 in piecework and worked 50 hours

$425 / 50 hours = $8.50 per hour

$8.50 per hour x 0.5 (half time) = $4.25 per hour due for OT hours

***$4.25 x 10 hours = $42.50 in overtime premium due***

---

**Example 3:**

Employee C produced $365.00 in piecework and worked 50 hours

$365 / 50 hours = $7.30 per hour

Difference in Reg. Rate = $8.00 (State minimum wage) - $7.30 = $.70 per hour

$.70 x 50 hours = $35.00 in regular rate due

$8.00 x 0.5 (half time) x 10 hours of OT = $40.00 in overtime premium due

**Total Due: $35.00 in regular rate and $40.00 in overtime premium - $75.00**

## Exhibit A

**Como computar el sueldo mínimo y el tiempo y medio (overtime) para los trabaja-dores que ganan por pieza.**

**Ejemplo No. 1:**

El empleado A hizo $200.00 en trabajo de piezas y trabajo 40 horas.

- $200.00 / 40 horas = $5.00 por hora
- La diferencia es: $8.00 (sueldo mínimo por hora en California) - $5.00 = $3.00 por hora. $3.00 por hora es lo que se le debe a esta persona.

**Total: $3.00 por hora x 40 horas = $120.00 que se le debe al empleado por sueldo mínimo.**

_____

**Ejemplo No. 2:**

El empleado B hizo $425.00 en trabajo de piezas y trabajo 50 horas.

- $425.00 / 50 horas = $8.50 por hora
- $8.50 por hora **x** 0.5 (la mitad) = $4.25 que se debe por hora por cada hora de tiempo extra (overtime).
- **Total: $4.25 por hora x 10 horas = $42.50 que se le debe al empleado por tiempo extra (overtime).**

**Ejemplo No. 3:**

El empleado C hizo $365.00 en trabajo de piezas y trabajo 50 horas.

- $365.00 / 50 horas = $7.30 por hora
- La diferencia en Salario Regular es: $8.00 (sueldo mínimo por hora en California) - $7.30 = $0.70 que se le debe al empleado por cada hora $0.70 x 50 horas = $35.00 es lo que se debe en Salario Regular.
- $8.00 por hora **x** 0.5 (la mitad) **x** 10 horas extras (overtime) = $40.00 que se le debe al empleado por tiempo extra (overtime).
- **Total: $35.00 en Salario Regular y $40.00 por tiempo extra (overtime) = $75.00.**

Consent Judgment                                                                                              **ii**

증거서류 A

작업량에 따라 최소임금과 오버타임을 계산하는 방법은 다음과 같습니다.

**예시1:**

직원A는 40시간을 일하여 $ 200 만큼의 작업량을 달성했습니다.

　　　$ 200 을 40시간으로 나누면, 200 / 40 = 시간당 $ 5이 됩니다.

　　　$ 8 (캘리포니아 주 시간당 최소임금) - $ 5 = 시간당 $3 만큼 임금을 받지 못한 것입니다.

**따라서 시간당 임금차이 $ 3 *x* 40 시간 = $ 120 의 미지불임금을 받을 수 있습니다.**

**예시 2:**

직원 B는 50시간을 일하여 $ 425 만큼의 작업량을 달성했습니다.

　　　$ 425 을 50시간으로 나누면 425/50 = 시간당 $ 8.50 이 됩니다.

　　　초과수당 시급은 시간당 $ 8.50 *x* 0.5 (해프타임) = 시간당 $ 4.25 입니다.

**따라서 오버타임 임금으로 $ 4.25 *x* 10 시간 = $ 42.50 을 지급 받을 수 있습니다.**

**예시 3:**

직원 C는 50시간을 일하여 $ 365 만큼의 작업량을 달성했습니다.

　　　$ 365 을 50시간으로 나누면 365 / 50 = 시간당 $ 7.30 이 됩니다.

　　　정규 시급 차이는 $ 8 (캘리포니아 주 시간당 최소임금) - $ 7.30 = 시간당 $ 0.70 입니다.

　　　$ 0.70 x 50 시간 = $ 35 의 정규 임금이 더 지불되어야 합니다.

　　　$ 8.00 x 0.5 (해프타임) *x* 오버타임 10시간 = $ 40 의 오버타임 임금이 지불되어야 합니다 .

**따라서 $ 35의 정규 임금과 $ 40의 오버타임 임금을 합쳐 총액 $ 75의 미지불임금을 받을 수 있습니다.**

**Consent Judgment**　　　　　　　　　　　　　　　　　　　　　　　**iii**

<u>Exhibit B</u>

## LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to an overtime premium when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **Moa Moa, Inc., Drifter Industries, Inc., and Newport Apparel Corporation**, garment manufacturers, from shipping goods sewn for their label on which employees were not paid the minimum wage or overtime required by the **Fair Labor Standards Act**.

All employees who work in this establishment should report violations of minimum wage and overtime to the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375.  Your name will not be disclosed.

**Consent Judgment**                                                                 **iv**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>Exhibit B</u>

**NOTICIA LEGAL A TODOS LOS EMPLEADOS**

La Ley de **Norma Justas de Trabajo** determina que se les debe pagar a todos los empleados el sueldo mínimo por todas las horas que ellos trabajen.  A la vez, también estipula que cada empleado que trabaje sobre tiempo, más de 40 horas en una semana laboral, se les deberá pagar a tiempo y medio de lo que ganen por cada hora de sobre tiempo trabajada.  Todos los empleados, independientemente de que se les pague por hora o por pieza, tienen derecho a que se les pague prima sobre tiempo cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el Departamento Del Trabajo, la corte del Distrito de los Estados Unidos expidió una orden que prohíbe a **Moa Moa, Inc., Drifter Industries, Inc., and Newport Apparel Corporation**, fábricas de ropa, de enviar la producción de etiquetas a sus distribuidores si en la fabricación de dichos productos no se les pago a los empleados el sueldo mínimo o el sobre tiempo requerido por la **Ley de Norma Justas de Trabajo**.

Si usted piensa que no se le pago de acuerdo a lo que la ley indica, por favor llama al Departamento del Trabajo de los Estados Unidos, División de Horas y Salarios al (213) 894-6375.  Su nombre se mantendrá confidencial.

**Consent Judgment**                                                                                               **v**

증거서류 B

## 모든 직원에게 법적 공지문

미연방의 공정 근로 기준법은 모든 직원들이 노동 시간에 따라 최소 임금을 받을 수있도록 규정하고 있습니다.

그리고 또한, 일주일에 40 시간 이상 근무하였을때 초과 시간에 1.5 배의 오버타임 (초과 근무 수당) 임금을 지급하게 규정하고 있습니다.

모든 직원은 40 시간 초과 근무했을 때, 시간제 임금을 받거나 생산 성과에 따라 임금을 받는것에 상관없이 초과 근무 수당을 지급받을 수 있습니다.

노동청이 제소한 소송을 해결하기 위해 미 연방 지역 법원은 공정 근로 기준법에 의해 의무화된 최소 임금이나 초과 근무 수당을 직원에게 지불하지 않은 물품을 의류 제조 업체인 **Moa Moa, Inc., Drifter Industries, Inc., and Newport Apparel Corporation** 가 발송하지 못하게 명령하였습니다.

아니면, 미연방 노동청, 임금과 시간 부처로 (213) 894-6375 전화 하십시요.

당신의 이름은 비밀로 보장됩니다.

**Consent Judgment**                                                          **vi**